IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK ADVANI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3026 |
| | § | |
| MICHAEL B. MUKASEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **MEMORANDUM AND ORDER**

Mark Advani (A#298-89-983) is presently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") division, awaiting his removal from the United States. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. A review of the pleadings shows, however, that the petition fails to state a valid claim because it is premature. Accordingly, the petition will be dismissed without prejudice for reasons set forth below.

**I.      BACKGROUND**

Advani discloses that he is a native and citizen of India who entered the United States on or about February 5, 1991. An immigration judge reportedly entered an order of removal against Advani on March 6, 2008, on the grounds that he was convicted of a crime which constituted a removable offense. Advani does not disclose the nature of the underlying offense. Nevertheless, Advani, who waived his right to appeal, indicates that the order of removal has become final.

Noting that he has been in custody for at least six months, since January 5, 2008, Advani argues that he should be eligible for supervised release because his removal is not imminently foreseeable. According to Advani, ICE has been unable to secure the requisite travel documents to effect his removal to India because his original passport "expired and was stolen" in February 2007, and he has no original documents to verify his citizenship. Advani provides no other details in his petition to explain the delay or to clarify why travel documents to India are presently unavailable for him. Nevertheless, Advani seeks a writ of habeas corpus to procure his release from custody. In support, Advani relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which requires an immigration detainee's release under certain circumstances, after the expiration of a presumptively reasonable six-month period of detention, where there is no prospect of removal in the foreseeable future. After considering all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed for reasons set forth below.

## II.     DISCUSSION

By statute, the Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. § 1231; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 973 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. § 1231(a)(2). An alien may be detained beyond this period under certain circumstances. For example, if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or

tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); *see Balogun v. INS*, 9 F.3d 347, 351 (5th Cir. 1993). After the removal period expires, however, an alien may be released under conditions prescribed by the Attorney General. 8 U.S.C. § 1231(a)(3). Aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention lasting beyond six months past the ninety-day removal period. After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* The alien bears the burden of proof in showing that no such likelihood of removal exists. *Id.* Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in *Zadvydas*. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, it appears from the pleadings that the ninety-day removal period was triggered on March 6, 2008, when Advani's order of removal became final. *See* 8 U.S.C. § 1231(a)(1) (B)(ii). The removal period apparently expired ninety days later on or about June 5, 2008. Advani's petition was received on October 8, 2008. Advani does not show

that he has been in custody more than six months past the expiration of the ninety-day removal period. Because Advani has not been in custody for more than six months past the expiration of the removal period, his petition does not state a claim for relief. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (finding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*); *Okpuju v. Ridge*, 115 Fed. App'x 302, 2004 WL 2943629 (5th Cir. 2004) (noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in *Zadvydas*), *cert. denied*, 544 U.S. 1066 (2005). Accordingly, the petition must be dismissed without prejudice as premature.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that the petition is **DISMISSED** without prejudice as premature.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on October 20th , 2008.

_____
Nancy F. Atlas
United States District Judge